UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA GARCIA | ) | CASE NO. 1: 22 CV 1044 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING</u> |
| | ) | <u>MAGISTRATE'S REPORT AND</u> |
| | ) | <u>RECOMMENDATION</u> |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James E. Grimes Jr. The Report and Recommendation (ECF # 11), issued on January 27, 2023, is hereby ADOPTED by this Court, without objection.

Plaintiff sought review of the Commissioner's denial of her request for disability insurance benefits. The administrative law judge ("ALJ") determined that Ms. Garcia was not under a disability as defined in the Social Security Act, at any time from January 1, 2014, the alleged onset date, through June 30, 2019, the date last insured. (ECF #11, at 12).

Ms. Garcia argues that ALJ's finding, that she could perform her past relevant work was not supported by substantial evidence, and the ALJ did not weigh the evidence Ms. Garcia had

presented evincing her disabling problems, in denying her the disability benefits.(ECF#7, at 8) The Magistrate Judge stated that even though Ms. Garcia recited a three page summary of her medical history, she did not support her allegations by pointing at any specific error that the ALJ made. (ECF# 11, at 14). The Magistrate Judge further found that the ALJ had evaluated Ms. Garcia's reports of symptoms of disability by discussing the statements she had made with her providers and evaluators with her. (ECF#11, at 15).

Ms. Garcia further alleges that ALJ failed to account for her disabling pain which would interfere with her ability to sustain work activity. (ECF # 7, at 13). The Magistrate Judge found that the ALJ had relied on Dr. Kropsky's objective exam findings in concluding that Ms. Garcia was "relatively independent." Dr. Yevisikova's findings revealed several things such as Ms. Garcia "had 5/5 strength in her extremities, hands and grip strength bilateraly,"; full strength in her grip, shoulders and "lower extremity and hip"; and full range of motion in her shoulders, elbows, forearms, wrists, hips, knees, and ankles; no tenderness or swelling in her joints, and normal sensation. (ECF#11, at 16-17). These findings undercut Ms. Garcia's allegations that the ALJ did not account for her disabling pain.

Lastly Ms. Garcia argues that she would be disabled if ALJ had made a different finding, but fails to show that ALJ's finding was erroneous. (ECF# 7, at 14). Magistrate Judge Grimes found that the ALJ's decision was supported by substantial evidence, and his findings support his reasoning and conclusion, and therefore the Court should affirm the ALJ's deicision.

The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999). Magistrate Judge Grimes was thorough and correct in the application of the law and assessment of the relevant

facts. The Court, therefore, ADOPTS the Magistrate Judge's Report and Recommendation in its entirely. The Commissioner's decision denying Ms. Garcia's disability insurance is AFFIRMED.

IT IS SO ORDERED.

DATED: March 2, 2023

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge